```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
UNITED STATES OF AMERICA      )
                              )
         v.                   )    1:16CR79
                              )
YENTL THOMAS DAVIDSON         )
```

## MEMORANDUM ORDER

Before the court is Defendant Yentl Thomas Davidson's motion for compassionate release. (Doc. 35.) The Government filed a response opposing release. (Doc. 36.) For the reasons stated below, the motion will be denied without prejudice to Davidson exhausting his administrative remedies.

### I. FACTUAL BACKGROUND

In 2014, Davidson pleaded guilty in the United States District Court for the Western District of North Carolina to one count of Possession with Intent to Distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 1-2.) He was sentenced to 24 months of imprisonment and six years of supervised release. (Id.) In March 2016, Davidson's supervised release was transferred to the Middle District of North Carolina. (Doc. 1.) In August 2017, this court revoked Davidson's supervised release after he tested positive on numerous occasions for a variety of controlled substances. (Doc. 10.) He was sentenced to six months of imprisonment and the court re-imposed 48 months of supervised release. (Id.) In November 2019, Davidson's supervised release

was revoked again.  After a hearing and presentation of evidence, the court found that Davidson had willfully violated the terms of his supervised release.  Specifically, the court found that Davidson had tested positive for the use of controlled substances multiple times and had been arrested on drug possession charges on two different occasions.  (Doc. 32.)  The court sentenced Davidson to 30 months of imprisonment on December 2, 2019, with no term of supervised release to follow.  (Id.)

Davidson filed his motion for compassionate release on July 7, 2020.  (Doc. 35.)  The Government filed a sealed response on July 20.  (Doc. 36.)  Davidson argues that the facility where he is incarcerated, FCI Butner Medium II, has had hundreds of positive COVID-19 cases and is only getting worse.  (Doc. 35 at 1.)  He also notes that both of his parents, his son's mother, and her parents, have all tested positive for COVID-19.  (Id.)  He seeks compassionate release so that he can be with his family and help support them.  (Id.)  The Government filed a response opposing release, arguing that Davidson has failed to exhaust his administrative remedies.  (Doc. 36 at 11.)

## II. ANALYSIS

### A. Standard of Review and Administrative Exhaustion

"Federal law has long authorized courts to reduce sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, district courts

2

could grant such reductions only upon a motion by the Director of Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended § 3582(c)(1) when it passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Pertinent here, the First Step Act added a provision to § 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once this exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release, or (2) be at least 70 years old, have served 30 years in prison, and have the Director of BOP determine that the defendant is not a danger to the public. Id. Additionally, a court, in considering a reduction in sentence pursuant to § 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. Id. This includes United States Sentencing Guideline § 1B1.13. Section 1B1.13 essentially

3

reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); see also Beck, 425 F. Supp. 3d at 578. The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release, including when an inmate is suffering from a debilitating medical condition that has "substantially diminishe[d] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 application note 1(A)(ii).

For over a year, the Sentencing Commission has lacked a quorum and thus has not updated its policy statements on compassionate release since the First Step Act was signed into law in December 2018. Beck, 425 F. Supp. 3d at 579 n.7. Thus, the current phrasing of § 1B1.13 addresses scenarios in which the Director of BOP files a motion for compassionate release, but not situations in which an inmate files a similar motion under § 3582. As such, § 1B1.13 provides helpful guidance when considering a motion filed by an inmate, but "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at 579. Therefore, when considering the merits of an inmate's § 3582(c)(1)(A) motion for compassionate release, the court must

4

consider the § 3553(a) factors but is not limited by the policy statements outlined in § 1B1.13.

The Government argues, and it is correct, that Davidson has failed to exhaust his administrative remedies. Davidson bears the burden of proving that he has exhausted his remedies. United States v. Morrison, No. 5:07-CR-00050-KDB-DSC, 2020 WL 4016253, at *2 (W.D.N.C. July 16, 2020). As the Government argues, he has failed to initiate, much less exhaust, the administrative process for compassionate release by making a Reduction in Sentence ("RIS") request with BOP. (Doc. 36 at 11.) This is not a mere procedural hurdle. The statute requires exhaustion in order to provide BOP the opportunity to decide, in the first instance, whether to grant the requested relief. Thus, the court will deny Davidson's motion for compassionate release without prejudice to his exhausting his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).[1]

To the extent that Defendant's motion can be construed as seeking this court to order home confinement, his request will be denied. "The BOP has exclusive authority to determine [the] defendant's place of imprisonment, including home confinement, and the BOP's placement decisions are not reviewable by any court." United States v. Gray, NO. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3

---

[1] To state the obvious, Davidson cannot show that his release would necessarily make him safer at the present time, as his family, whom he wishes to help, has the virus. And once they have recovered, the need to care for them should have abated.

5

(E.D.N.C. Apr. 22, 2020) (internal quotation marks omitted).  As a result, the court is without jurisdiction to order BOP to place defendant on home confinement.  Id.  Furthermore, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), does not provide this court with authority to order home confinement.  Gray, 2020 WL 1943476, at *3.  Therefore, Defendant's request for home confinement will be denied.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Davidson's Motion for Compassionate Release (Doc. 35), is DENIED without prejudice to his exhausting his administrative remedies.

　　　　　　　　　　　　　　　　　　/s/   Thomas D. Schroeder
　　　　　　　　　　　　　　　　　United States District Judge

August 3, 2020